IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

DANIEL Z. MALDONADO,

        Petitioner,                             ORDER

     v.                                        08-cv-270-bbc

BRADLEY HOMPE, Warden,
Stanley Correctional Institution,

        Respondent.

---

     Petitioner Daniel Maldonado, an inmate at the Stanley Correctional Institution, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges the February 22, 2008 revocation of his probation, for which the Circuit Court for Sauk County sentenced him to two and one-half years in prison and two years extended supervision. Petitioner asks for the following relief: 1) an order directing the Circuit Court for Sauk County to credit the 27-month term that he served on "house arrest" against his post-revocation sentence; 2) a restraining order against the Wisconsin Department of Corrections preventing further involvement in his case; 3) transfer of authority over his custody to either the states of Minnesota or Washington so he can be reunited with his family; and 4) in the event that the court can not grant the above requests, any other relief the court deems "satisfactory." Dkt. #1 at 8-9.

Petitioner's claims cannot be entertained. Petitioner filed an earlier petition for habeas corpus relief, Maldonado v. Raemisch, 08-cv-05-bbc. The petition was dismissed with prejudice on February 20, 2008, on a finding that there was no merit to petitioner's claim. Id. at dkt. #9. According to 28 U.S.C. § 2244(b)(3)(A), a petitioner may not file a second or successive application for habeas relief in the district court unless he first seeks and obtains an order from the appropriate court of appeals authorizing the district court to consider the application. Petitioner has not obtained an order from the Court of Appeals for the Seventh Circuit authorizing him to file his petition. Therefore, he is barred from bringing this petition.

ORDER

IT IS ORDERED that petitioner Daniel Maldonado's second petition for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE for petitioner's failure to obtain the authorization required by 28 U.S.C. § 2244(b)(3)(A) for filing such a petition.

Entered this 16th day of May, 2008.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge