IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

DANIEL Z. MALDONADO,

        Petitioner,                                ORDER

     v.                                                 08-cv-270-bbc

BRADLEY HOMPE, Warden,
Stanley Correctional Institution,

        Respondent.

---

Before the court is petitioner Daniel Maldonado's motion to reconsider this court's May 16, 2008 order dismissing his petition. In that order, I noted that petitioner had filed an earlier petition for habeas corpus relief, Maldonado v. Raemisch, 08-cv-05-bbc, which was dismissed with prejudice on February 20, 2008. Dkt. #4. Under 28 U.S.C. § 2244(b)(3)(A), a petitioner may not file a second or successive application for habeas relief in the district court unless he first seeks and obtains an order from the appropriate court of appeals authorizing the district court to consider the application. Because petitioner had not obtained an order from the Court of Appeals for the Seventh Circuit authorizing him to file his second petition, I found that he was barred from doing so. Petitioner now asserts that

1

his filing in the earlier case was actually a petition for a writ of mandamus. Whatever title he gave his earlier filing, he was obtain permission for filing.

The following facts are drawn from the court record:

RECORD FACTS

On January 4, 2008, petitioner filed a petition for a writ of habeas corpus asking for the following relief: 1) an order declaring that the 27-month term that he served on "house arrest" was "oppressively and fraudulently forced upon the petitioner" and ordering the Circuit Court for Sauk County to credit this 27 months against any post-revocation sentence that it imposes upon petitioner; and 2) an order directing the Circuit Court for Dane County to commence John Doe proceedings against his probation agent and his supervisors to determine whether they have committed similar misconduct against other probationers. In addition, petitioner filed a motion for an order compelling the Department of Corrections to produce the results of three polygraph examinations that petitioner took between 2005 and 2007. Maldonado v. Raemisch, no. 08-cv-05-bbc, dkt. #1. Finally, on February 7, 2008, petitioner filed a motion to convert his petition for a writ of habeas corpus to a petition for a writ of mandamus. Id., dkt. #8.

In an order entered on February 20, 2008, I found that this court lacked jurisdiction to issue a writ of mandamus to direct the state court in the performance of its duties. Id.,

dkt. #9. I went on to note that habeas corpus might be a viable remedy with respect to petitioner's claim that he was entitled to 27 months' credit against any post revocation sentence that the circuit court may impose. However, I dismissed the petition "for a writ of habeas corpus" with prejudice because it was plain that there was no merit to petitioner's claim that he had a federally-guaranteed right to sentence credit for time spent on intensive supervision. Id.

On May 9, 2008, petitioner filed a petition for a writ of habeas corpus challenging the February 22, 2008 revocation of his probation, for which the Circuit Court for Sauk County sentenced him to two and one-half years in prison and two years' extended supervision. Maldonado v. Hompe, No. 08-cv-270-bbc, dkt. #1. Petitioner raised almost identical claims as those in his February 2008 petition.

OPINION

Petitioner's sole argument for reconsideration is that his February 2008 filing was a petition for a writ of mandamus and should not be counted as his first habeas corpus petition. He apparently believes that he can avoid § 2244(b)(3)(A) by recharacterizing his first petition. However, this is not the case. A petitioner cannot escape the limitations of § 2254 by citing another statute. Owens v. Boyd, 235 F.3d 356, 360 (7th Cir. 2000) (discussing petitioner's attempt to proceed under All Writs Act versus § 2254); Walker v.

3

O'Brien, 216 F.3d 626, 633 (7th Cir. 2000).  Because petitioner sought the imposition of a shorter sentence after revocation, habeas corpus was his only available remedy.  Prieser v. Rodriguez, 411 U.S. 475, 488-90 (1973) (habeas corpus is exclusive remedy for state prisoner seeking immediate or speedier release); Walker, 216 F.3d at 633 (as a practical matter, requirements of § 2254 must be met by all state prisoners filing petitions for writs of habeas corpus after conviction).  This court then reached the merits of petitioner's claim and found it lacking under § 2254.  Valona v. United States Parole Commission, 165 F.3d 508, 510 (7th Cir. 1998) (district judges should afford relief to which party entitled without regard to errors in pleadings) (citing Fed. R. Civ. P. 54(c)).  Because petitioner raised the same claim regarding his right to a shorter sentence after revocation in the instant petition, it is successive and cannot be heard unless petitioner obtains the required authorization from the court of appeals.  Accordingly, it was not error to dismiss the petition.  Petitioner's motion for reconsideration is denied.

ORDER

IT IS ORDERED that petitioner Daniel Maldonado's motion for reconsideration is DENIED.

Entered this 3rd day of July, 2008.

BY THE COURT:

*Barbara B. Crabb*

BARBARA B. CRABB
District Judge

4